UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Christine E. Masters, | 2:16-cv-02411-JAD-NJK |
| Plaintiff | |
| v. | **Order Granting Motion to Remand** |
| American Family Mutual Insurance Company, | [ECF No. 6] |
| Defendant | |

Christine E. Masters sued her automobile insurer American Family Mutual Insurance Company after it refused to tender her policy limits to compensate her for injuries she sustained in an accident with an underinsured driver.[1]  American Family removed this case from a Nevada state court based on diversity jurisdiction.[2]  Masters moves to remand, arguing that the amount-in-controversy requirement has not been met.  I agree, so I grant Masters's motion and remand this case back to Nevada's Eighth Judicial District Court, Case No. A-16-743063-C.

**Background**

Masters alleges that she was in an accident with an underinsured driver in November 2015, causing injuries to her neck, back, and shoulder, and to her tissue, bones, and joints, which may be permanent and disabling in nature.[3]  At the time of the accident, Masters had an underinsured motorist policy with Farmers providing underinsured motorist benefits of $50,000/$100,000 each.[4]  American Family refused to tender policy limits, so Masters filed suit.  She asserts claims for bad faith, breach of contract, and breach of the implied covenant of good faith and fair dealing.  She seeks in excess of $10,000 in general damages and in excess of $10,000 in punitive damages, plus

---

[1] ECF No. 1-1.

[2] ECF No. 1.

[3] ECF No. 1-1 at 8.

[4] *Id.*

reasonable attorney's fees and costs.[5]

## Discussion

**A.    Motion to Remand**

When a case is filed in state court between parties who are citizens of different states, and the case value exceeds $75,000, the defendant may remove the case to federal court.[6] "Federal courts are courts of limited jurisdiction."[7] Accordingly, there is a strong presumption against removal jurisdiction and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[8] The defendant always has the burden of establishing that removal is proper.[9] This burden is usually satisfied if the plaintiff claims a sum greater than the threshold requirement.[10] If the value of plaintiff's claim is unclear, the defendant must prove by a preponderance of the evidence that the jurisdictional amount has been met.[11] Defendants may rely on facts presented in the removal petition and any summary-judgment-type evidence that is related to the amount in controversy.[12] Conclusory allegations do not overcome the presumption against removal jurisdiction or satisfy the defendant's burden of proving the amount in controversy.[13] The defendant, however, does not need to predict the trier of fact's eventual award with certainty.[14]

---

[5] Section 1332(a)'s amount-in-controversy requirement excludes "interest and costs," but includes attorney's fees.

[6] 28 U.S.C. §§ 1332, 1441, 1446.

[7] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[8] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

[9] *Id.*

[10] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–99 (1938)).

[11] *Id.*; see also *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 395, 404 (9th Cir. 1996).

[12] *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

[13] *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal citations omitted).

[14] *Id.*

**B.      American Family has not carried its burden to show that removal was proper.**

The parties agree that Masters's UIM policy limit is only $50,000.[15]  Nonetheless, American Family claims that removal is proper because Masters is not only seeking contractual damages, but also bad-faith damages (i.e. anxiety, worry, mental distress, emotional distress) and punitive damages. Without citing to any evidence or the complaint, American Family argues that Masters's medical specials are $55,562.53.  Recognizing that this figure is well below the jurisdictional threshold, American Family cites a string of Nevada cases—without analysis—in which juries awarded large tort damage awards in excess of the policy at issue to argue that the amount in controversy in this case likely exceeds $75,000.[16]  American Family makes no effort to explain how these cases are similar to this one, which appears to be a typical insurance bad-faith case.  I am not persuaded by American Family's conclusory allegations that the amount in controversy in this case more than likely exceeds $75,000 because Masters is seeking extra-contractual damages.  I therefore grant Masters's motion to remand.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for remand **[ECF No. 6] is GRANTED**.  This case is remanded back to Nevada's Eighth Judicial District Court, Case No. A-16-743063-C.

Dated this 24 day of March, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[15] ECF No. 7 at 2.

[16] *Id.* at 2–3.